IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PETER C. AQUIAR,

        Petitioner,

v.                                              CIV 02-677 BB/KBM

LAWRENCE TAFOYA, Warden, et al.,

        Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### I.  Background

In 1998, Petitioner Peter Aquiar began serving a sentence of eight and one-half years for a sexual offense and for failure to appear.  *Answer,* Exh. A.  Just ten months short of being eligible for parole, the New Mexico Corrections Department found him guilty of planning an escape with another inmate, Marcus Carter.  This finding resulted in forfeiture of Aquiar's good time credits.  *Id.,* Exh. G; *see also id.,* Exh. E; *Doc. 11* (attachment 3).

After exhausting his administrative remedies, Aquiar contested the disciplinary decision[1] in state habeas proceedings.  He claimed that he had been denied due process because the officers violated several sections of the regulations governing disciplinary proceedings, including the section requiring a preponderance of the evidence to find guilt.  He requested that the decision be dismissed and his good time credits reinstated.  *See Answer,* Exh. J; *see also id.*, Exh. L (prayer).

---

[1] The hearing officer recommended that the matter be referred to the District Attorney for possible prosecution by the state, but the record does not show any such proceedings.  *See Answer,* Exh. G.

The district judge denied the petition, finding Petitioner had been afforded all the process he was due since he was "afforded a hearing, presented witnesses and obtained appellate review." *Id., Exh. K.* Relying on state law, the judge further noted that disciplinary proceedings are "not subject to judicial review unless exercised in such a manner as to constitute clear abuse or caprice on the part of the prison official." *Id.* The New Mexico Supreme Court denied certiorari. *See id.,* Exhs. L-M.

Petitioner then filed a habeas corpus petition with this court, using the form to proceed under 28 U.S.C. § 2254. *Doc. 1.* This form has a pre-printed prayer for "relief to which he may be entitled" and I will assume that he seeks the same relief he sought in state court: dismissal of the disciplinary charge and restoration of his good time credits. Aquiar claims that the prison failed to follow its own procedures during the course of his disciplinary proceeding thereby depriving him of due process. Because the specifics of his claims are not well-developed in his state or federal petitions or in his response, *see Doc. 18,* I use the arguments he made in his administrative appeal and to the New Mexico Supreme Court in his petition for certiorari. *See Answer,* Exhs. H, L.

## II. Analysis

### *A. Petition Is Characterized As Arising Under § 2241*

Respondents answered and supplemented as I requested. *See Docs. 13, 17* (Answer and Supplement, respectively). They take the position that Petitioner is not entitled to relief under the deferential standards of review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). That is, a federal court cannot grant a writ of habeas corpus unless: (1) the state court decision is "contrary to, or involved an unreasonable application of, clearly established . . .

Supreme Court" precedent; or (2) is "an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. §§ 2254(d)(1)-(2); *see also Williams v. Taylor,* 529 U.S.362 (2000); *Van Woudenberg v. Gibson,* 211 F.3d 560, 566 & n. 4 (10th Cir. 2000), *cert. denied,* 531 U.S. 1161 (2001). However, because Petitioner is not challenging his underlying state conviction and the relief he seeks goes to the execution of his sentence, I construe the § 2254 petition as one under § 2241. *E.g, Montez v. McKinna,* 208 F.3d 862, 865 (10th Cir. 2000); *United States v. Furman,* 112 F.3d 435, 438 (10th Cir. 1997). As such, I do not employ the AEDPA standard of review, even though the result would be the same if I had.

### B. Proceedings Comply With Federal Due Process Under Wolff And Hill

Because the revocation of good time credits implicates a liberty interest,[2] some process is due. But because prison disciplinary proceedings are not criminal prosecutions, the federal constitution requires only that an inmate be provided with advance written notice of the charges, a limited opportunity to call witnesses and present evidence in his defense, and a written statement of the reasons for the decision and the evidence upon which it is based. *Wolff v. McDonnell,* 418 U.S. 539, 556, 564-66 (1974); *see also e.g., Mitchell v. Maynard,* 80 F.3d 1433, 1444-45 (10th Cir. 1996). Petitioner does not contend, either here or in the state proceedings, that he was not afforded these rights, and the record demonstrates that he was afforded them and more, including the assistance of an inmate representative. *See Answer, Exhs.* D, E, G; *see also  See Doc. 18* at 3

---

[2] While the record provides that Carter was placed in administrative segregation pending investigation of the charges, there is no document indicating that Petitioner was placed in pre-hearing detention. *See Answer,* Exh. H (attachments A & B); *see also Doc. 1* (same attachments). It is unclear whether the reference to a "level 6 placement" in the disciplinary minutes refers to Carter or Petitioner. In any event, Petitioner did not argue at the state level or here that placement in segregation pending the investigation violated due process. Any such claim would fail under *Sandin v. Conner,* 115 S.Ct. 2293, 2300-01 (1995).

(stating that Aquiar never denied he was afforded a hearing and presented witnesses).

Additionally, the disciplinary sanctions must be supported by "some evidence." *See Superintendent, Mass. Correctional Inst. at Walpole v. Hill,* 472 U.S. 445, 454 (1985); *Plunk v. Givens,* 234 F.3d 1128, 1129 (10th Cir. 2000). A number of Petitioner's arguments are related to the proposition that the evidence against him was insufficient.

"Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence. Instead, the relevant conclusion is whether there is any evidence that could support the conclusion reached by the disciplinary board." *Hill,* 472 U.S. at 455-56. "The decision can be upheld even if the evidence supporting the decision is 'meager.'" *Mitchell,* 80 F.3d at 1445 (quoting *Hill*). This requirement is likewise satisfied.

On April 26, 2001, Captain D. Seyler received confidential information that Carter was involved in an escape plot. He conducted interviews and learned that the plan was extensive and involved more than one inmate and one staff member. Canadian flight schedules and addresses were found in Carter's possession. *See Doc. 1* (three of the attachments: 8/27/01 Carter amendment to placement in segregation; 8/26/02 Carter Level VI placement form; 8/26/01 Carter incident report); *see also Answer,* Exhs. C-G. Lieutenant K. Valentine conducted a further investigation and concluded it on October 22, 2001 by issuing a misconduct report against Petitioner which provides in part:

> During the course of this investigation, it was discovered that an attempted escape had been planned by Inmate Aquiar and Inmate Carter. The plan was for Inmate Carter to escape the institution at the same time that Inmate Aquiar was to parole out of this facility . . . .  Some of this information was found out through

4

>confidential informants. This escape plan included the aid of an
>Officer, which was substantiated by physical evidence.

*Answer,* Exh. C.

Although Lieutenant Valentine's report misstates that Aquiar was in possession of the Canadian information, he and all of the other officers who gave oral statements during the disciplinary officer's investigation stated that the paraphernalia was found in Carter's property. *See id.,* Exhs. D-E. Indeed, Petitioner was found not guilty of the possession accusation. *Id.,* Exh. F.

During the disciplinary officer's investigation and here, Carter and Aquiar deny that Aquiar was involved in Carter's escape plan. *See id.,* Exh. D, *see also Doc. 11* (attachments 8-9); *Doc. 18,* at 4. Nevertheless, Lieutenant Valentine stated that Petitioner "was the leadership in planning this escape." *Answer,* Exh. D. Captain Seyler "further stated that during the investigation it was discovered that Inmate Aquiar initiated the whole plan and brought the staff member into the plan." *Id.* The disciplinary officer found Petitioner guilty of attempted escape based on the testimony of these two officers. That testimony constitutes "some evidence" and, consequently, satisfies due process. As such, there is no basis for relief on claims 4 through 7 as argued in the administrative appeal and claims 1, 2, and 5 as argued in his petition for certiorari. *Id.,* Exhs. H, L.

### C. Violation Of State Regulations

The applicable habeas provision here is § 2241(c)(3), which, like § 2254, only affords relief if Petitioner establishes a federal constitutional violation. *See Foster v. Booher,* 296 F.3d 947, 949 (10th Cir. 2002) (citing *Oyler v. Allenbrand,* 23 F.3d 292, 293-94 (10th Cir. 1994)); 28

5

U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States").  Errors of state law are not grounds for federal habeas relief.  *E.g., Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). Because he was afforded the process due under federal constitutional requirements for disciplinary proceedings, there is no basis for habeas relief under the Supreme Court's decisions in *Wolff* or *Hill.*

This finding does not conclude the matter, however.  Under Tenth Circuit precedent it appears that I must also consider whether prison officials violated their own established procedures.  If so, I must determine whether those violations prevented Petitioner of a "meaningful opportunity to be heard."  *Mitchell,* 80 F.3d at 1445; *see also Blum v. Federal Bureau of Prisons,* 1999 WL 638232 (10th Cir. 1999) (unpublished).

Some of Petitioner's remaining claims simply do not bear scrutiny.  For example, he asserts that he was not afforded an evidentiary hearing at which he could present his witnesses, and that he was not provided with the physical evidence before the hearing.  *Answer,* Exh. L (questions presented for review and part of point 5).  But the witnesses he identified during the disciplinary investigation all gave verbal statements, save for an officer who was no longer employed by the prison and two other officers who the disciplinary officer was unable to contact.  *See id.,* Exh. D.  Moreover, the minutes of the disciplinary proceeding indicate that Petitioner "declined interpreter and witnesses. Inmate waived the reading of the documentation, all headings read into record."  *Id.,* Exh. E.  Petitioner never disputed this finding.  At the hearing, where he was afforded an inmate assistant, Petitioner introduced an affidavit from Carter.  *Id.*

Aquiar also complains that the identifies of the confidential informants who triggered the

investigation were not revealed, yet in his petition for certiorari he states that he knew that the identities of the two confidential informants were the officer accomplice and either Carter or another inmate involved in the plan.  *See id.,* Exh. H (point 3); *see also id.,* Exh. L (point 5).

Petitioner finally complains that because it took two months from the time the prison first became aware of the plan to bring charges against him, the prison did not comply with its deadlines for submitting misconduct reports and conducting disciplinary proceedings.  *See id. Exh. H* (points 1-2); *see also id. Exh. L* (points 3 and 4).  The disciplinary officer noted and denied this "motion" stating that the investigation "was concluded by Lt. Valentine, STG, in which he determined he had enough documentation to write the report."  *Id.*  Presumably he means that the proceedings against Petitioner were commenced as soon as the investigation concluded.  The record bears out that conclusion and filing a misconduct report following an investigation is not inconsistent with the applicable regulations.  *See Supplement,* Exh. A (Misconduct Reports C.2.-3.; Disciplinary Investigation and Review D.1.).  In any event, I find none of the purported breaches of internal procedures deprived Petitioner of an opportunity to defend against the charges.

Wherefore,

**IT IS HEREBY RECOMMENDED THAT** the petition be construed as arising under § 2241 and be denied.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day**

**period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE